IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDON HALE ) | CASE NO: |
| 273 Cleveland Court ) | |
| Conneaut, OH 44030 ) | JUDGE |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT FOR INJUNCTIVE** |
| ) | **RELIEF AND DAMAGES** |
| GRAND RIVER RUBBER & PLASTICS ) | |
| COMPANY ) | (Jury Demand Endorsed Herein) |
| 2029 Aetna Road ) | |
| Ashtabula, Ohio 44004 ) | |
| ) | |
| ) | |
| ) | |
| Defendant. | |

Plaintiff Brandon Hale, by and through undersigned counsel, as his Complaint against Defendants, states and avers the following:

## INTRODUCTION

1. Plaintiff Brandon Hale is a former employee of Grand River Rubber, who alleges that Defendant discriminated against him on the basis of sex, in contravention of the Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000, *et seq.*

2. Hale is a resident of the city of Conneaut, county of Ashtabula, and state of Ohio.

3. Hale is a "person," and "employee," and an "individual" as defined by Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000 et seq.

4. Grand River Rubber & Plastics Company ("Grand River") is an employer in the County of Ashtabula and state of Ohio.

5. Grand River is an employer, pursuant to 42 U.S.C. § 2000e.

6. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Hale is alleging federal law claims under Title VII, 42 U.S.C. § 2000, *et seq.*

7. Within 300 days of the conduct alleged below, Hale filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), specifically, Charge No. 532-2021-00642.

8. On May 14, 2021, Hale received a Right to Sue letter, dismissing Charge No. 532-2021-00642, in accordance with 42 U.S.C. 2000e-5(f)(1), attached as Exhibit A.

9. Hale has properly exhausted his administrative remedies.

10. Hale files this Complaint within 90 days of receiving his Right to Sue letter from the EEOC.

11. All material events alleged in this Complaint occurred in Ashtabula County.

12. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which a substantial part of the events giving rise to the claims alleged in this Complaint occurred.

13. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTUAL ALLEGATIONS

14. Hale incorporates by reference the allegations from the preceding paragraphs, as if fully restated herein.

15. Hale was hired by Grand River Rubber as a fabricator in December 2004.

16. Hale was promoted to supervisor in May 2015.

17. In or around August 2020 the plant manager, Darryl Westfall, first made a remark that was disparaging to gay men.

18. Hale is a bisexual man.

19. Hale was visibly offended by Westfall's bigoted remark.

20. Days later, on August 9, 2020, Westfall hand wrote an entry on Hale's work calendar: Gay Retreat Start 9:00 Fairgrounds Mask Required.

21. Hale immediately reported the "Gay Retreat" calendar entry to his supervisor, Bobby Nelson.

22. Nelson indicated that he would take remedial action in response to Hale's complaint.

23. After Hale complained to Nelson, at least nine other employees became aware of the calendar entry and began taunting Hale.

24. Multiple employees asked Hale when he was going to his gay retreat.

25. Multiple employees called Hale a faggot to his face.

26. When Hale called Nelson to report this taunting, Nelson laughed in his face.

27. After enduring this treatment for a month, Hale had a breakdown on September 9, 2020 which caused him to be unable to work.

## CAUSE OF ACTION
**(Sex Discrimination in Violation of Title VII of the Civil Rights Act of 1964)**

28. Hale incorporates by reference the allegations from the preceding paragraphs, as if fully restated herein.

29. Hale is bisexual and a member of a statutorily-protected class under Title VII.

30. Under Title VII, it is unlawful for an employer to discriminate against an employee on the basis of the employee's sex, including sexual orientation.

31. Hale was subjected to harassment in the form of unwelcome sexual slurs and verbal conduct based on his sex.

32. Defendant's harassment of Hale interfered with his work performance by creating an environment that was intimidating, hostile, or offensive.

33. Defendant knew of the harassing conduct but failed to take prompt corrective action.

34. As a direct and proximate result of Defendant's wrongful conduct, Hale suffered and will continue to suffer damages

## CONCLUSION

Plaintiff Brandon Hale, seeks judgment against Defendant in an amount in excess of $25,000 to fully, fairly, and justly compensate him for injury, damage, and loss, and respectfully prays that this Court enter judgment in his favor and award him past economic and non-economic compensatory damages, fringe benefits, consequential damages, incidental damages, punitive damages, liquidated damages, interest, all reasonable attorney's fees, costs and expenses, and any additional legal or equitable relief available under law.

Respectfully Submitted,

/s/ *Claire I. Wade-Kilts*
Claire I. Wade-Kilts (0093174)
Sobel, Wade & Mapley, LLC
55 Erieview Plaza, Suite 370
Cleveland, Ohio 44114
T: (216) 223-7213
F: (216) 223-7213
Wade@swmlawfirm.com

*Attorney For Plaintiff Brandon Hale*

## JURY DEMAND

Plaintiff Brandon Hale demands a trial by jury by the maximum number of jurors permitted.

/s/ *Claire I. Wade-Kilts*
Claire I. Wade-Kilts (0093174)

*Attorney for Plaintiff Brandon Hale*